# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| CLARENCE R. SANKS, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 4:10-CV-08-CDL-MSH |
| | : | 42 U.S.C. § 1983 |
| DEPUTY JERRY GAINES, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court are three motions for summary judgment. First, Defendant Lloydstone Jacobs, M.D., moved for summary judgment on September 1, 2010. (ECF No. 37.) Defendants Gaines, Sikes, Berber, McGhee, Collins, and Darr (collectively Muscogee County Jail or "MCJ Defendants") then moved for summary judgment on September 15, 2010. (ECF No. 42.) In response, Plaintiff moved for partial summary judgment on September 27, 2010, as against Defendant Jacobs. (ECF No. 46.) For the reasons stated below, Defendant Jacobs' motion for summary judgment should be granted and the MCJ Defendants' motion for summary judgment should be granted in part. Plaintiff's motion for partial summary judgment should be denied.

## BACKGROUND

On January 22, 2010, Plaintiff Clarence Sanks filed this action pursuant to 42 U.S.C. § 1983 against multiple officers at the Muscogee County Jail. Plaintiff moved to amend his Complaint on February 17, 2010, to dismiss Defendant Tippens and add an additional

defendant, Deputy John Sikes. (Mot. to Amend 2-4, ECF No. 5.) This motion was granted on February 24, 2010. (Order 1-2, Feb. 24, 2010, ECF No. 7.) After amendment, and liberally construing his Complaint, Plaintiff asserts the following claims against the following Defendants:

(1) Defendant Gaines in his official and individual capacities:
   a. Violated Plaintiff's First Amendment and Fourteenth Amendment rights by destroying legal mail
   b. Stood over Plaintiff while Plaintiff was sleeping
   c. Used excessive force against Plaintiff in violation of the Eighth and Fourteenth Amendments
   d. Request for an unspecified injunction against Defendant Gaines

(2) Defendant Berber in his official and individual capacities: Violated Plaintiff's rights by failing to stop Defendant Gaines from using excessive force

(3) Defendant McGhee in his official and individual capacities: Violated Plaintiff's Eighth and Fourteenth Amendment rights by failing to move another inmate from Plaintiff's dormitory

(4) Defendant Collins in his official and individual capacities: Failed to properly train his deputies

(5) Defendant Darr in his official and individual capacities:
   a. Responsible for the "bad acts and omissions" of his staff
   b. Failure to have working "panic buttons"
   c. Claim for violation of his Fourteenth Amendment rights because Plaintiff was put into isolation without a hearing

(6) Defendant Jacobs in his official and individual capacities:
   a. Was deliberately indifferent to Plaintiff's serious medical needs by giving Plaintiff Tylenol instead of Vicotin
   b. Was deliberately indifferent to Plaintiff's serious medical needs by failing to send Plaintiff to an ENT sooner

(7) Deputy Sikes in his official and individual capacities:
   a. Violated Plaintiff's First Amendment and Fourteenth Amendment rights by destroying legal mail

2

> b. Used excessive force against Plaintiff in violation of the Eighth and Fourteenth Amendments

After conducting discovery, Defendants filed two motions for summary judgment. The first was filed by Defendant Lloydstone Jacobs, MD on September 1, 2010 (ECF No. 37), and the second was filed by the MCJ Defendants on September 15, 2010 (ECF No. 42). Plaintiff filed responses to both motions on September 27, 2010 (ECF Nos. 45, 46), but has not responded to Defendants' statements of material fact which are not in dispute. (ECF Nos. 37-11, 42-1.) These motions for summary judgment are presently pending before the Court.

## DISCUSSION

### I. Standard of Review on Motion for Summary Judgment

Summary judgment may be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In determining whether a *genuine* issue of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions,

answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *See Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008) (explaining that the movant "shoulder[s] the initial burden of production in demonstrating the absence of any genuine issue of material fact"). If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *See Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010) ("In other words, once a moving party has carried its burden under Rule 56(c), the non-moving party must produce substantial evidence in order to defeat a motion for summary judgment.") (internal quotation marks and citation omitted). In order to assist in meeting the parties' respective burdens, the Middle District of Georgia, under Local Rule 56, requires movants to attach to their motion for summary judgment a "separate and concise statement of the material facts to which the movant contends there is no genuine issue to be tried." The non-movant must then respond "to each of the movant's numbered material facts[, and] [a]ll material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. Local R. 56.

## II. Plaintiff's Claims Under 42 U.S.C. § 1983

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

4

immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, in order to state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978).

### III. Defendants' Motions for Summary Judgment

The Court addresses Defendants' motions chronologically in the order of filing and recommends that both motions be granted as explained below:

A. <u>Dr. Jacobs' Motion for Summary Judgment</u>

Defendant Jacobs' Motion for Summary Judgment should be granted. First, Plaintiff has failed to specifically respond to Defendant Jacobs' Statement of Material Facts Which are Not in Dispute. (ECF No. 37-11.) Therefore, Defendant Jacobs' statements of material fact are deemed to have been admitted by Plaintiff. M.D. Ga. Local R. 56. This is conceded by Plaintiff in his "Motion in Partial Support" when he states that "within Dr. Lloydstone Jacobs II Summary Judgment that the majority of the facts submitted within that Brief are true." (Pl.'s Mot. in Partial Supp. Objecting to Dr. Llyodstone Jacobs II, M.D., Br. in Summ. J. 1, ECF No. 46.)[1] Plaintiff then maintains that "[t]he only thing that the Plaintiff objection

---

[1] Hereinafter, Plaintiff's response to Defendant Jacobs' motion for summary judgment shall be referred to as "Pl.'s Resp. I."

5

to is the prescribed E.N.T. visits that were do (sic) to him along the proscribed Three (3) months of 'Flo-Nase' that he did not receive do (sic) to the immediate transfer of acceptance to the (G.D.C.) Georgia Depatment (sic) of Corrections had him scheduled for as of March 10, 2010." (Pl.'s Resp. I at 1-2.) Construed in the light most favorable to Plaintiff as the non-movant and further liberally construing his response in light of his capacity as a *pro se* litigant, Plaintiff has nonetheless failed to establish that there is any genuine issue of material of fact present in the record upon which a denial of Defendant Jacobs' motion for summary judgment can be based.

What Plaintiff plainly characterizes as his sole remaining objection to the grant of summary judgment to Defendant Jacobs involves factual allegations of what is here construed as a claim for deliberate indifference to serious medical needs which occurred, according to Plaintiff's responsive motion, after the filing of this action. (Pl.'s Resp. I at 1-2.) His averments that he did not receive a follow-up visit to an ear, nose and throat specialist, or refills of his prescribed Flonase raise claims which occurred after his transfer from Muscogee County Detention Center ("MCDC") on March 10, 2010. Additionally, at most, these assertions potentially state claims for relief against an entity, the Georgia Department of Corrections, which is not a party to this civil action.[2] These claims are not

---

[2] For example, Plaintiff argues in his Response:

> At the time of this transfer [to the Georgia Department of Corrections] there were re-fills that were do involving his "Flo-nase" and "E.N.T" visits. This is what is in dispute because the Department of Corrections do not honor the required "Flo-nase" of Private Doctors Prognosis.

(Pl.'s Resp. I at 2 (emphasis omitted).) Plaintiff later describes Defendant Jacobs' treatment as

6

properly asserted against Defendant Jacobs. Furthermore, Plaintiff sought, and was granted, leave to amend his Complaint filed January 22, 2010. However, Plaintiff did not add any claims concerning the Georgia Department of Corrections or Flonase.

Defendant Jacobs has cited to evidence that shows that Plaintiff's constitutional rights were not violated by Defendant Jacobs. (Jacobs Aff. ¶¶ 7-38, Aug. 30, 2010, ECF No. 37-1.) Plaintiff has failed to respond by citing to any evidence in the record which establishes a question of fact as to his claims of deliberate indifference. Consequently, Defendant Jacobs is entitled to summary judgment as to these claims, and Plaintiff's motion for partial summary judgment as against Defendant Jacobs should be denied.

B. <u>Remaining Defendants' Motion for Summary Judgment</u>

The remaining Defendants likewise seek summary judgment in their motion filed September 15, 2010. (ECF No. 42.) They assert three bases for granting their motion common to all defendants: (1) that the Eleventh Amendment bars claims against the Defendants in their official capacities; (2) that Plaintiff has failed to allege a constitutional violation against the Defendants in their individual capacities; and (3) that Defendants are entitled to qualified immunity. (Memo. of Law in Supp. of Defs.' Mot. for Summ. J. 1 [hereinafter "Defs.' Memo. of Law"], ECF No. 42-2.) Defendant McGhee additionally seeks summary judgment on the ground that Plaintiff suffered only a *de minimis* injury as a result

---

"negligent" in failing to ensure that Plaintiff received his prescribed Flonase after transfer. (Pl.'s Resp. I at 4.) However, for conduct to be actionable under section 1983 ad being deliberately indifferent to a prisoner's serious medical need, it has to be more than gross negligence. *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007).

7

of being punched by another inmate about whose allegedly dangerous propensities McGhee had no knowledge. (Defs.' Memo. of Law 1.) Finally, Defendants contend that Plaintiff lacks standing to pursue his claims for injunctive relief as a result of his transfer from the MCDC to the Georgia Department of Corrections on March 10, 2010. (Defs.' Memo. of Law 2.)

*1. MCJ Defendants in their Official Capacities—Eleventh Amendment Immunity*

The MCJ Defendants first assert that they are entitled to summary judgment on all claims made against them in their official capacities based on the immunity afforded to them under the Eleventh Amendment. "Georgia sheriffs and their deputies are entitled to official immunity under the Eleventh Amendment to the Constitution for claims arising from their use of force policies in the operation of county jails." *Mladek v. Day*, 293 F. Supp. 2d 1297, 1304 (M.D. Ga. 2003) (internal quotation marks and citation omitted); *see also Manders v. Lee*, 338 F.3d 1304, 1308-12, 1315-18, 1328-29 (11th Cir. 2003). The "authority and duty [of the sheriff] to administer the jail in his jurisdiction flows from the State, not the County." *Purcell ex rel Estate of Morgan, v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1325 (11th Cir. 2005) (internal quotation marks and citation omitted). Therefore, even assuming a constitutional violation is established, Eleventh Amendment immunity bars suit as a threshold matter. *Id.* Additionally, neither sheriffs nor their deputies and jailers, as state officials acting in their official capacities, are considered "persons" for purposes of 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Since § 1983 requires that a "person" deprive a plaintiff of his constitutional rights, the lack of a "person" in this case establishes an

8

independent ground for dismissal of Plaintiff's claims. *Id*. The MCJ Defendants are thus entitled to summary judgment against the Plaintiff for claims made against them in their official capacities.

### 2. *MCJ Defendants in their Individual Capacities*

The MCJ Defendants moves for summary judgment on the claims identified by Plaintiff at his deposition as remaining against the MCJ Defendants in their individual capacities. Specifically, the MCJ Defendants claim that they are entitled to summary judgment as to Plaintiff's claims that (1) he was assaulted by Defendant Gaines, (2) the jail panic buttons did not work, (3) he was assaulted by Defendant Sikes, (4) that Defendant McGhee is responsible for Plaintiff being punched by another inmate, and (5) that Defendants Darr and Collins are responsible for the actions of the officers at the jail. The Court disagrees. While the MCJ Defendants are entitled to summary judgment for the second, fourth, and fifth arguments, they are not entitled to summary judgment on Plaintiff's claims of excessive force. The Court consequently addresses the two excessive force claims first, followed by the remaining three.

#### a. Excessive Force Claims

Plaintiff claims that Defendants Gaines and Sikes used excessive force against him when each Defendant, in two separate incidents, physically restrained Plaintiff. Defendants claim that Plaintiff has not established a constitutional violation because he claims only *de minimis* injuries arising from any altercation. (Defs.' Memo. of Law 8-12.) The Court notes that this argument, although outlined by the MCJ Defendants as a separate contention,

9

actually concerns the first prong of a qualified immunity defense.³ *See Smith v. Vavoulis*, 373 F. App'x 965, 966 (11th Cir. 2010) ("In ruling on the qualified immunity issue, we engage in a two-step analysis: (1) whether the facts alleged, viewed in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right; and, if so, (2) whether the right violated was clearly established.").

"A jailor's use of force against a pretrial detainee is excessive under the Fourteenth Amendment if it shocks the conscience."⁴ *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009). A use of force does not shock the conscience if, in a custodial setting, it "is applied in a good faith effort to maintain or restore discipline and not maliciously and sadistically to cause harm." *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002) (quotation marks and citation omitted). In order to determine if force "shocks the conscience" or was used "maliciously and sadistically to cause harm," the Court looks to: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between

---

³  The Supreme Court explained in *Pearson v. Callahan*, that the two prongs of the qualified immunity defense do not have to be addressed in order. 555 U.S. 223, 129 S. Ct. 808, 818 (2009).

⁴  Plaintiff asserts his claims for excessive force under the Eighth and Fourteenth Amendments. Since Plaintiff was a pre-trial detainee when he claims the constitutional violations occurred, his claims are properly analyzed under the Due Process Clause of the Fourteenth Amendment. *See, e.g., Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees associated with criminal prosecutions. . . . Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.") (citations omitted). The law applicable to excessive force claims under the Fourteenth Amendment, however, is the same as that which is applied to Eighth Amendment excessive force claims. *Fennell v. Gilstrap*, 559 F.3d 1212, 1216 n.5 (11th Cir. 2009) ("A claim of excessive force under the Fourteenth Amendment is analyzed as if it were an excessive-force claim under the Eighth Amendment.")

that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999) (internal quotation marks and citation omitted); *see also Fennell*, 559 F.3d at 1217. In addition to establishing this subjective element of the excessive force test, a Plaintiff must also show that, objectively, "a requisite amount of force was used against him." *Vavoulis*, 373 F. App'x at 965. In other words, the use of force must be more than *de minimis. Id.* "In determining wehether the amount of force used against an inmate was *de minnimis*, a court may consider the extent of the injuries suffered by the inmate." *Vicks v. Knight*, 380 F. App'x 847, 851 (11th Cir. 2010). "Nevertheless, a court ultimately should decide an excessive force claim 'based on the nature of the force rather than the extent of the injury.'" *Id.* (quoting *Wilkins v. Gaddy*, 130 S. Ct. 1175, 1177 (2010)).

Defendants rely solely on the assertion that Plaintiff's injuries are *de minimis* in order to show that Plaintiff has not established a constitutional violation. Specifically, Defendants contend that Plaintiff's "facial swelling" caused by Defendant Gaines and "facial swelling, a 'busted lip' and bruises on his arms" caused by Defendant Sikes "are not sufficient [injuries] for an award of damages." (Defs.' Memo. of Law 12.) This argument ignores *Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010). In *Wilkins*, the Supreme Court explained that while the extent of an injury may be a relevant factor to consider in determining whether a use of force was excessive, it is not the determining factor:

> The extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary

11

> in a particular situation. The extent of injury may also provide some indication of the amount of force applied. As we stated in *Hudson*, not "every malevolent touch by a prison guard gives rise to a federal cause of action." [*Hudson v. McMillian*, 503 U.S. 1, 9 (1992).] The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim.
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury. Accordingly, the court concluded in *Hudson* that the supposedly "minor" nature of the injuries "provide[d] no basis for dismissal of [Hudson's] § 1983 claim" because "the blows directed at Hudson, which caused bruises, swelling, loosened teeth, and a cracked dental plate, are not *de minimis* for Eighth Amendment purposes." [Hudson v. McMillian, 503 U.S. 1, 10 (1992).]

*Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178-79 (internal quotation marks and citations omitted) (second and third alterations in original). Thus, as explained above, the proper inquiry is not whether Plaintiff's injuries were *de minimis*, but whether the use of force was *de minimis* and shocks the conscience.

Viewing the facts in the light most favorable to the Plaintiff, Plaintiff has shown that Defendant Gaines used force against him which resulted in facial swelling and a nose bleed. (Pl.'s Dep. 64:12-65:7, Aug. 20, 2010; Compl. 6-7.) Defendants have not presented any evidence showing that Defendant Gaines did not use force against Plaintiff or that the use of force was "applied in a good faith effort to maintain or restore discipline and not maliciously and sadistically to cause harm." *Skrtich*, 280 F.3d at 1300. To the contrary, Plaintiff has specifically alleged that he was merely asking for a sergeant when Defendant Gaines threw him up against a wall (Pl.'s Dep. 64:20-25), and this statement has not been refuted.

12

Plaintiff therefore has at least sufficiently created a question of fact as to whether a constitutional violation occurred in this case. Defendant Gaines, consequently, is not entitled to summary judgment on Plaintiff's claim against him in his individual capacity.

Likewise, Defendants have failed to present any evidence that contradicts Plaintiff's assertion that Defendant Sikes used force against him or that shows that the force applied by Defendant Sikes was used in a good faith effort to maintain order at the jail. Plaintiff has alleged that he was slammed into the wall and handcuffed by Defendant Sikes causing a cut in his bottom lip, swelling, and bruising on his writs. (Am. Compl. 3; Pl.'s Dep. 74:24-75:8, 76:4-10.) Plaintiff claims that this force was used against him merely because he asked Defendant Sikes for a new food tray. Plaintiff has at least sufficiently created a question of fact as to whether a constitutional violation occurred in this case and Defendant Sikes is not entitled to summary judgment on Plaintiff's claim against him in his individual capacity.

Finally, Plaintiff contends that Defendant Berber was present when Defendant Gaines attacked Plaintiff, but failed to stop Defendant Gaines from injuring Plaintiff. (Compl. 6-7.) "[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance." *Skrtich*, 280 F.3d at 1301. "But it must also be true that the non-intervening officer was in a position to intervene yet failed to do so." *Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008). In his Deposition, Plaintiff stated that while he was being held against a wall by Defendant Gaines for less than a minute, Defendant Berber told Defendant Gaines to "calm down, clam down, just don't do that." (Pl.'s Dep. 63:5-9.) In other words,

Plaintiff admits in his deposition that Defendant Berber did take action to defuse the situation as soon as Defendant Berber realized that Defendant Gaines was using force against Plaintiff. There is no evidence in the record to indicate that Defendant Berber could have prevented Defendant Gaines from holding Plaintiff up against the wall and allegedly causing Plaintiff injury. Defendant Berber is therefore entitled to summary judgment on this claim because he did not commit a constitutional violation and is entitled to qualified immunity. *See Hadley*, 526 F.3d at 1330-31 (discussing the requirement that an officer who is present must be able to *anticipate* and *stop* the excessive force).

      b.  Jail Panic Buttons

Plaintiff asserts a claim against Defendant Darr for his failure to ensure that there were working jail panic buttons in the Muscogee County Jail. Although, as discussed above, a plaintiff does not necessarily have to allege a severe injury to have articulated a claim under § 1983, he does have to allege *some injury* in order for his action to be sustainable. *See, e.g., Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 976 (explaining that injury-in-fact is necessary in order to establish Article III standing). Plaintiff's only alleged injury from the failure to have properly installed and working panic buttons is that he was in fear for his safety. (Pl.'s Dep. 67:18-23, 68:1-4, 68:20-21.) Pursuant to 42 U.S.C. § 1997e(e), a prisoner must first show that he has suffered a physical injury before he may recover for any "mental or emotional injury suffered while in custody." Since Plaintiff has failed to even allege a physical or emotional injury concerning the jail panic buttons, he cannot recover for any purported mental or emotion injury suffered therefrom. Consequently, Defendants are

entitled to judgment as a matter of law on this claim.

> c. Deliberate Indifference to a Substantial Risk of Serious Harm from Another Inmate

Plaintiff claims that Defendant McGhee violated his constitutional rights when Defendant McGhee failed to prevent another inmate from punching Plaintiff. An officer's "deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment[,]" or in the case of a pretrial detainee, the Fourteenth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (internal quotation marks and citation omitted). In order to establish such deliberate indifference, a Plaintiff must show: "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Plaintiff has failed to provide evidence of any of these elements.

Plaintiff complains about an incident involving an inmate who punched Plaintiff to prevent Plaintiff from telling the officers that the inmate was "bullying." (Pl.'s Dep. 82:4-9.) Plaintiff states that he told an Officer Parnell of this bullying prior to the punching incident. (Pl.'s Dep. 82:8-9, 90:5-91:6.) Plaintiff, however, admits that he did not tell Officer Parnell the name of the inmate he contends was bullying because he did not know the inmate's name. (Pl.'s Dep. 93:24-94:4.) Plaintiff argues that because he informed Officer Parnell of the "bullying," Defendant McGhee is liable as Officer Parnell's supervisor. However, "§ 1983 claims may not be brought against supervisory official on the basis of vicarious liability or respondeat superior." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (citation omitted). In order to prevail against Defendant McGhee in his individual capacity,

15

Plaintiff must show that Defendant McGhee was "personally involved in the acts or omissions that resulted in the constitutional deprivation." *Hale*, 50 F.3d at 1582. Plaintiff has failed to present any evidence that shows that Defendant McGhee was involved in the complained of incident or otherwise knew of any danger to Plaintiff. Therefore, Defendant McGhee is entitled to summary judgment on this claim.

            d.        Defendants Darr and Collins Responsibility for Actions of Employees

Plaintiff also claims that Defendants Darr and Collins are personally liable for the acts of their subordinates. As just discussed above, a section 1983 claim cannot be premised on a theory of vicarious liability or respondeat superior. A supervisor is "liable under § 1983 either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation." *Keating*, 598 F.3d at 762 (internal quotation marks and citation omitted). "A causal connection can be established by, *inter alia*, facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.* (internal quotation marks and citation omitted). Plaintiff has presented no evidence that either Defendant Darr or Collins personally participated in any alleged constitutional violation or that there is a causal connection between the actions of either Defendant and the alleged constitutional violation. Defendants Darr and Collins are thus entitled to summary judgment as to any claims against them in their individual capacities.

### 2. *Claim for Injunctive Relief*

To the extent that Plaintiff's complaint can be construed to seek injunctive relief, the MCJ Defendants argue that he lacks standing to pursue injunctive relief in this action due to his transfer from the Muscogee County Detention Center to Coffee County Correctional Facility. Plaintiff does not dispute that he has been transferred. (Pl.'s Dep. 9:18-20.) The Eleventh Circuit has repeatedly held that, absent class certification, an inmate's transfer from the facility where he alleges an ongoing deprivation of constitutionally protected rights occurs renders his claims for injunctive relief moot. *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988); *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169, 1173-74 (11th Cir. 1985). The record establishes conclusively that Plaintiff is no longer an inmate at Muscogee County Detention Center. (Pl.'s Dep. 9:18-20.) Plaintiff's claims for injunctive relief are, therefore, moot and Defendants' motion for summary judgment should be granted as to Plaintiff's claim for injunctive relief.

C. <u>Dismissal of Claims Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)</u>

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), "the court *shall* dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). "The standards that govern a dismissal under Federal Rule of Civil Procedure 12(b)(6) apply[]" when reviewing whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. §§ 1915A or 1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Thus, "[d]ismissal is required if the facts as pled do not state a plausible claim for relief." *Tsosie*

*v. Garrett*, No. 09-16439, 2010 WL 4823475, at *1 (11th Cir. 2010) (citing *Ashcroft v. Iqbal*, - - U.S. - - , 129 S.Ct. 1937, 1949 (2009)). Two of Plaintiff's claims fail to state a plausible claim for relief pursuant to 42 U.S.C. § 1983.

First, Plaintiff contends that Defendant Gaines is liable for standing over Plaintiff while Plaintiff is sleeping. Plaintiff has not identified how this has injured Plaintiff or what constitutional right has been violated by such action. In fact, there is no constitutional protection against such behavior. Thus, even assuming that Defendant Gaines has stood over Plaintiff while Plaintiff was sleeping, such claim does not state a claim for relief under § 1983 and must be dismissed.

Second, Plaintiff generally states that Defendant Darr violated his constitutional right to due process by having Plaintiff put in isolation without a hearing. However, "the Due Process Clause does not directly protect an inmate from changes in the conditions of confinement." *Wilson v. Blankenship*, 163 F.3d 1284, 1295 n.17 (11th Cir. 1998) (internal quotation marks and citation omitted). "Specifically, the Due Process Clause does not establish an interest in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters." *Id.* (internal quotation marks and citation omitted). Therefore, this contention concerning the lack of a hearing fails to state a claim upon which relief can be granted and likewise must be dismissed.

## CONCLUSION

In sum, Defendant Jacobs' motion for summary judgment should be granted in full. The MCJ Defendants' motion, however, should be granted as to all claims except for the

claims against Defendants Gaines and Sikes in their individual capacities for excessive force. The MCJ Defendants failed to move for summary judgment as to the claims against Defendants Gaines and Sikes in their individual capacities for destroying Plaintiff's legal mail. Consequently, those claims remain pending. Finally, the claim against Defendant Gaines for standing over Plaintiff and the claim against Defendant Darr for failing to give Plaintiff a hearing before putting him in isolation should be dismissed for failure to state a claim.

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendants' motions for summary judgment be granted as described above. Plaintiff's motion for partial summary judgment should be denied. Additionally, it is recommended that the two claims discussed *supra* be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 9th day of March, 2011.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE