IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CLARENCE R. SANKS, | : |
| Plaintiff, | : |
| v. | : CASE NO. 4:10-CV-08-CDL-MSH |
| | : 42 U.S.C. § 1983 |
| DEPUTY JERRY GAINES, *et al.*, | : |
| Defendants. | : |

## **SUPPLEMENTAL REPORT AND RECOMMENDATION**

On March 3, 2011, the Court issued a Report and Recommendation (R&R) (ECF No. 53) recommending that Dr. Jacobs' motion for summary judgment (ECF No. 37) be granted in full and that Defendants Gaines, Sikes, Berber, McGhee, Collins, and Darr's (collectively "MCJ Defendants") motion for summary judgment (ECF No. 42) be granted in part. Additionally, the Court recommended denying Plaintiff's motion for partial summary judgment (ECF No. 46). Plaintiff filed no objections to the R&R. The Court reaffirms the findings in that R&R and continues to advise that Defendants' previously filed motions for summary judgment be granted. On March 23, 2011, the MCJ Defendants moved to dismiss any claims remaining in the case after the ruling on the March 3 R&R. The Court files this Supplemental R&R recommending granting of Defendants' motion to dismiss.

The MCJ Defendants move to dismiss Plaintiff's Complaint for a failure to prosecute Plaintiff's claims on March 23. (ECF No. 57.) On April 11, 2011, this Court

issued an Order (ECF No. 58) requiring that Plaintiff respond to the MCJ Defendants' motion to dismiss within twenty-one days. Plaintiff failed to respond as directed, and MCJ Defendants' motion should be granted.

## DISCUSSION

On February 24, 2010, this Court issued an Order in which Plaintiff was notified that he must promptly advise the clerk of any change in address and that he must "diligently prosecute his complaint or face the possibility that it will be dismissed[.]" (Order 2-3, Feb. 24, 2010, ECF No. 7.) The MCJ Defendants claim that Plaintiff has failed to properly notify the Court of changes in his address, which has resulted in mail being returned to the Court as undeliverable on January 14, 2011 and March 21, 2011. (ECF Nos. 52, 56.) This failure on Plaintiff's part to notify the Court, Defendants argue, is a failure to prosecute which should result in dismissal pursuant to the Court's February 24, 2010, Order and pursuant to Federal Rules of Civil Procedure Rule 41(b). The Court agrees.

It is clear from the record that Plaintiff has failed to properly advise the Court of his current mailing address and has failed to respond to any order or directive of the Court since September 2010. In fact, since Defendants' motion to dismiss has been filed, mail has been returned as undeliverable four different times which was sent to Plaintiff's address of record. (ECF Nos. 59-62.) Plaintiff has failed to comply with the Court's orders and failed to prosecute his claims. His action should therefore be dismissed with prejudice pursuant to Federal Rules of Civil Procedure Rule 41(b). Additionally, the MCJ

Defendants currently pending supplemental motion for summary judgment (ECF No. 63) should be denied as moot.

## CONCLUSION

For the reasons discussed above, the MCJ Defendants' motion to dismiss should be granted and Plaintiff's claims should be dismissed with prejudice. Defendant's supplemental motion for summary judgment should be denied as moot. WHEREFORE, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss be **GRANTED**. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED**, this 25th day of April, 2011.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE